**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI
CIVIL NO. 09-864 - SJD - JGW**

**RICHARD HURCHANIK,**              **PLAINTIFF**

    **vs.**

**SECRETARY OF THE ARMY**              **DEFENDANTS**
*et al.*,

**REPORT AND RECOMMENDATION**[1]

Plaintiff, a retired lieutenant colonel in the Unites States Army Reserves initiated this action, *pro se*, against the Secretary of the Army, United States Attorney General, and United States Attorney (hereinafter "Federal Defendants") alleging that they failed to credit him with proper retirement points, failed to pay him proper retirement benefits, and failed to correct his retirement certificate to reflect his correct branch.  Plaintiff's complaint demands $200,000.00 in monetary damages as well as equitable and injunctive relief.

This civil action is now before the Court on the Federal Defendants' motion to dismiss for lack of subject matter jurisdiction and the parties' responsive memoranda.  Also before the Court are several motions filed by Plaintiff.  The motions will be addressed in turn.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I. FACTS

On December 16, 1967, Plaintiff was commissioned a Second Lieutenant in the United States Army Reserves ("USAR") in the Engineer Branch. (Doc. 1 ¶ 2; Doc. 3, Ex. 1). He entered USAR active duty on May 12, 1968. (Doc. 1, ¶ 3; Doc. 3, Ex. 2).

On August 21, 1969, Plaintiff applied to the Regular Army for a commission in the Infantry Branch. (Doc. 3, Ex. 3). Six months later, on February 13, 1970, the Army approved his request and appointed him a Second Lieutenant in the Infantry Branch. (Doc. 1, ¶ 6; Doc. 3, Ex. 4).

The Army promoted Plaintiff to First Lieutenant on May 12, 1971, and to Captain on May 12, 1975. (Doc. 3, Exs. 5, 6). In 1979, Plaintiff resigned his commission in the Regular Army in order to attend law school. (Doc. 1, ¶ 13; Doc. 3, Ex. 7). The Army issued him an honorable discharge and transferred him into Reserve Status on August 14, 1979. (Doc. 1, ¶ 13; Doc. 3, Exs. 8, 9).

On May 11, 1982, the Army promoted Plaintiff to Major in the USAR. (Doc. 1, ¶15; Doc. 3, Ex 10). On May 10, 1989, the Army promoted Plaintiff to Lieutenant Colonel in the USAR. (Doc. 3, Ex. 11).

On January 15, 1996, Plaintiff was transferred to the Retired Reserve due to reaching his Mandatory Removal Date as a Lieutenant Colonel. (Doc. 1 at Ex. 4; Doc. 3 Ex. 12).

On March 10, 1995, at least one year prior to Plaintiff's retirement in 1996, his Chronological Statement of Retirement Points reflected that he had no retirement credit

for the year 1988.  (Doc. 3, Ex. 13).  This retirement statement did not change; it remained in Plaintiff's file and it continued to reflect in subsequent years that Plaintiff did not earn retirement points in 1988.  (Doc. 1 at Ex. 16; Doc. 3, Exs. 14-17).

On December 27, 2001, Plaintiff sent a letter to the Commanding General, United States Army Reserve Command, requesting that the Army replace three of his 1996 retirement documents that erroneously reflected his branch as Dental Corps instead of Infantry Corps.  (Doc. 1 at Ex. 4; Doc. 3, Ex. 18).  On December 9, 2002, Plaintiff sent a letter to the USAR Inspector General making the same request.  (Doc. 1 at Ex. 4; Doc. 3 Ex. 19).

On August 30, 2004, upon reaching his sixtieth birthday, Plaintiff became eligible for retirement benefits pursuant to 10 U.S.C. §§ 12731-12737.  The Army issued him retirement orders on August 18, 2005, reflecting a retirement date of August 30, 2004. (Doc. 1 at Ex. 3; Doc. 3,  Ex. 20).

Thereafter, on November 24, 2009, Plaintiff filed the instant action alleging that the Federal Defendants improperly calculated his retirement benefits.  (Doc. 1). Plaintiff's complaint seeks $200,000.00 in monetary damages as well as equitable and injunctive relief.

## II.  PROCEDURAL HISTORY

On January 29, 2010, the Federal Defendants filed a motion to dismiss Plaintiff's

complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Federal Defendants assert that this Court lacks jurisdiction over Plaintiff's complaint because his claim for monetary damages exceeds $10,000.00. *See* 28 U.S.C. § 1346(a)(2) (The Tucker Act gives district courts and the United States Claims Court concurrent jurisdiction over most civil actions and claims brought against the United States for amounts not exceeding $10,000).[2] The Federal Defendants further assert that the Court lacks jurisdiction because Plaintiff failed to exhaust his administrative remedies.

On February 19, 2010, in response to Defendants' motion to dismiss, Plaintiff filed the following motions: (1) motion to move Defendants to pay expert to determine the amount in controversy (Doc. 5); (2) motion for leave to amend the amount of damages in the complaint (Doc. 6); (3) motion to hold Defendants' motion to dismiss in abeyance (Doc. 7); and (4) motion to transfer case to Court of Claims if testified amount in controversy exceeds $10,000 (Doc. 8). As noted above, Plaintiff's complaint appears to assert that Plaintiff did not receive retirement credits and/or payments for 1988. Plaintiff appears to ask the Court to require the Defendants to hire an expert to determine the amount of retirement payments allegedly owed to Plaintiff. If the expert finds that the amount in less than $10,000, Plaintiff requests that the matter be transferred to the Court of Claims.

---

[2] If an amount in excess of $10,000 is sought, then the Claims Court has exclusive jurisdiction to hear the case. 28 U.S.C. § 1491.

The Federal Defendants do not object Plaintiff's motion to amend his damages from $200,000 to $9,999, nor his motion to transfer. However, the Federal Defendants argue that regardless of the amount in controversy, the Court lacks subject matter jurisdiction not only because Plaintiff's claim exceeds $10,000, but also because Plaintiff did not exhaust his administrative remedies before filing the instant action with the Court. Therefore, even if Plaintiff is permitted to reduce his damages to less than $10,000, the Federal Defendants assert that the Court lacks subject matter jurisdiction over Plaintiff's complaint.

Plaintiff then filed a motion to strike the Federal Defendants' motion to dismiss asserting that the motion is now invalid in light of information provided to Plaintiff by Defendants' counsel. (Doc. 15). Specifically, on March 26, 2010, counsel for the Federal Defendants sent a letter, along with several documents, reflecting that the Defense Finance and Accounting Services ("DFAS") accurately made retirement payments to Plaintiff based on his retirement point calculation, which included points earned in 1988. (Doc. 15, Ex. 1). Plaintiff also filed a motion to amend /correct his complaint. (Doc. 16). Plaintiff seeks to amend his complaint to assert, *inter alia*, that he did not receive retirement payments for one month in 2005, and that his claims are reduced to $10,000 or less.[3] He further asserts that his "claim is reduced to loss of use of the money from August 30, 2004 (a date within the 6 year statute of limitations) until August 1, 2005, and

---

[3] Plaintiff failed to attach a copy of the proposed amended complaint to his motion to amend.

the missing month." (Doc. 16, p. 2).

### III. ANALYSIS

*A.     The Federal Defendants' motion to dismiss is well-taken*

As noted above, the Federal Defendants seek to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Upon careful review, the undersigned finds that Plaintiff has failed to properly exhaust his administrative remedies. As a result, the Court lacks subject matter jurisdiction over this action.

*i.     Standard of Review*

On review of a motion to dismiss for lack of subject matter jurisdiction, the Court must take all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

In reviewing a 12(b)(1) motion, the district court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325; *Rogers v. Stratton Indus.,* 798 F.2d 913, 916 (6th Cir. 1986); *see also Artis v. Greenspan,* 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing *Land*

*v. Dollar,* 330 U.S. 731, 735 n.4 (1947)). So long as the Court considers matters outside the pleadings only with respect to the issues raised pursuant to Rule 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Artis,* 223 F. Supp. 2d at 152 n.1.

      ii.    *Exhaustion*

The Federal Defendants maintain that even if Plaintiff's motion to reduce his claim to $9,999 is granted and/or his claim accrued in 2004 instead of 1988, this Court still lacks jurisdiction over Plaintiff's complaint because he failed to exhaust his administrative remedies. The undersigned agrees.

Exhaustion of administrative remedies is a prerequisite to filing a Tucker Act claim in the Sixth Circuit. *Litchfels v. Orr*, 604 F. Supp. 271, 275 (S.D. Ohio 1984). When asserting error in his military records, a plaintiff exhausts his administrative remedies by applying to the Army Board for Correction of Military Records ("ABCMR"). *Guerra v. Scruggs*, 942 F.2d 270, 277 (4th Cir.1991) (A plaintiff needs to exhaust ABCMR remedies before he or she may proceed in federal court, even if the ABCMR would not be able to grant plaintiff full relief); *See also Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir.2002). Pursuant to 10 U.S.C. § 1552, the Secretary of the Army, acting through the ABCMR, may amend any record when he considers it necessary to correct an error or remove an injustice.

Thus, before the Court can review the merits of a claim to correct a plaintiff's military records or reinstate his eligibility for retirement benefits, he must exhaust his

-7-

administrative remedies by appealing to the appropriate Army Review Board, such as ABCMR. *Watson v. Ark. Nat'l Guard*, 886 F.2d 1004, 1008 (8th Cir.1989). If the plaintiff has not exhausted his administrative remedies before the ABCMR, the Court must dismiss his case without prejudice. *Id.*

Here, it is undisputed that Plaintiff has not submitted an application to the ABCMR requesting correction of his military records. Accordingly, in light of Plaintiff's failure to exhaust his administrative remedies, this matter should be dismissed for lack of subject matter jurisdiction.

    *B.*    *Plaintiff's Pending Motions*

Additionally, for the reasons stated below, the undersigned finds that Plaintiff's pending motions are not well-taken.

        *i.*    *Motion for Defendants to pay expert to determine the amount in controversy (Doc. 5)*

Plaintiff's motion asks the Court to require the Federal Defendants to retain an expert to determine the amount in controversy. Plaintiff, however, initiated this lawsuit and it is his burden to determine the amount in controversy. Accordingly, Plaintiff's motion is not well-taken.

        *ii.*    *Motion to hold the Federal Defendants' motion to dismiss in abeyance (Doc. 7)*

Plaintiff's motion asks the Court to hold the Federal Defendants' motion to dismiss in abeyance until the Federal Defendants pay an expert to determine the amount in

controversy. Plaintiff may not require the Defendants to retain and expert to determine the amount in controversy, thus, the instant motion is not well-taken and should be denied.

### iii.   *Motion to Strike Defendants' Motion to Dismiss (Doc. 15)*

Plaintiff seeks to strike Defendant's motion to dismiss in light of his receipt of several documents reflecting that the Defense Finance and Accounting Services accurately made retirement payments to Plaintiff based on his retirement point calculation, which included points earned in 1988. Plaintiff appears to assert that Defendants' motion to dismiss is not moot. However, regardless of whether Plaintiff was paid for 1988 (and he now appears to concede that he was (*See* Doc. 15 at 2)), the exhaustion requirement remains. Thus, Plaintiff's motion to strike is not well-taken.

### iv.   *Motions for Leave to Amend and Motion to Transfer to the Court of Claims (Docs. 6, 8, 16)*

Plaintiff seeks to amend his complaint to assert, *inter alia*, that he did not receive retirement payments for one month in 2005, and that his claims are reduced to $10,000 or less. He also seeks to transfer the case to the Court of Claims if the amount in controversy exceeds $10,000.

Although leave to amend shall be freely granted, leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss. *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007). Here, as detailed above, regardless of the amount in controversy,

and/or the date Plaintiff alleges his claim accrued, Plaintiff has failed to exhaust his administrative remedies.  As a result, this matter should be dismissed for lack of subject matter jurisdiction.  Thus, Plaintiff's proposed amendments would be futile.

Additionally, Plaintiff's motion to transfer is also not well-taken in light of Plaintiff's failure to exhaust his administrative remedies.

Accordingly, Plaintiff's motions to amend and motion to transfer to the Court of Claims should be denied.

### IV.

Accordingly, based on the foregoing, it is therefore **RECOMMENDED** that: (1) Defendants' motion to dismiss (Doc. 3) be **GRANTED**; (2) this matter be **DISMISSED** without prejudice; (3) all pending motions be **DENIED** (Docs. 5, 6, 7, 8, 15 & 16); and (4) this matter be **CLOSED.**

Date: July 19, 2010                                s/ J. Gregory Wehrman
                                                   J. Gregory Wehrman
                                                   United States Magistrate Judge


**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI
CIVIL NO. 09-864 - SJD - JGW**

**RICHARD HURCHANIK,**                              **PLAINTIFF**

    **vs.**

**SECRETARY OF THE ARMY**                       **DEFENDANTS**
*et al.,*

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).